# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**JAMES L. TATE, JR.,**

     **Plaintiff,**

**vs.**                                  **Case No.  4:18cv423-RH/CAS**

**CHIEF JUSTICE JORGE LABARGA,**
**et al.,**

     **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case by submitting a civil rights complaint, ECF No. 1, and a "motion to intervene," ECF No. 2. Plaintiff did not pay the filing fee or file an in forma pauperis motion at the time of case initiation.  Thus, an Order was entered requiring Plaintiff to do one or the other if he intended to proceed with this case.  ECF No. 4. Although the motion, ECF No. 8, was submitted late, and did not include a signed Prisoner Consent Form, the motion has been reviewed.

Plaintiff's motion demonstrates that he has maintained a zero balance in his inmate account for the preceding six month period of time.

ECF No. 8.  It also demonstrates significant liens on Plaintiff's account for both federal prison and state prison litigation.  *Id.*  Such litigation was not disclosed in the original complaint, ECF No. 1, nor did Plaintiff fully disclose all his prior cases in the most recently submitted second amended complaint, ECF No. 7.  Moreover, Plaintiff did not disclose that he has previously filed at least three prior actions which were dismissed as frivolous, malicious, or failing to state a claim.  *Id.*

Judicial notice is taken that Plaintiff previously filed a civil rights complaint in this Court on May 24, 2010.  Case # 4:10cv208-WS-WCS.[1] That case was dismissed on September 16, 2010, for failing to state a claim upon which relief may be granted.  ECF Nos. 25-26.  Plaintiff then filed an appeal of that dismissal and his appeal was dismissed as frivolous. ECF No. 40 of that case.  Those two dismissals count as two "strikes" for purposes of § 1915(g).

Judicial notice is taken that Plaintiff also initiated case number 8:11cv481 in the Middle District of Florida. That case was dismissed for failure to prosecute and Plaintiff appealed the dismissal.  His appeal was

---

[1] The Court has confirmed that the cases cited were filed by Plaintiff James L. Tate, Jr., whose inmate number in the Department of Corrections is 874132.

dismissed as frivolous under § 1915(e)(2)(B)(i) and also counts as a

"strike" for purposes of § 1915(g).  That makes Plaintiff's third such strike;

however, Plaintiff has at least another prior dismissal.  Plaintiff initiated

case number 6:10cv01257 in the Middle District of Florida and after his

petition for writ of mandamus was dismissed, Plaintiff filed an appeal.  That

appeal was dismissed as frivolous under § 1915(e)(2)(B)(i) and counts as

Plaintiff's fourth strike for purposes of § 1915(g).

The Prison Litigation Reform Act of 1995 (PLRA) provides that a

prisoner may not bring a civil action in forma pauperis under 28 U.S.C.

§ 1915:

> ... if the prisoner has, on 3 or more occasions, while
> incarcerated or detained in any facility, brought an action or
> appeal in a court of the United States that was dismissed on the
> grounds that it is frivolous, malicious, or fails to state a claim
> upon which relief may be granted, unless the prisoner is under
> imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has had four prior prisoner actions dismissed on the grounds

that they were frivolous, malicious, or failed to state a claim.  The only

exception to § 1915(g)'s bar is if a prisoner alleges he is under imminent

danger of serious physical injury.  In this case, Plaintiff does not assert

such claims.  Rather, Plaintiff is attempting to use this civil rights action to challenge and vacate an "illegal life sentence."  None of the named Defendants are located with Plaintiff; indeed, the Defendants are all Florida Supreme Court justices.  They pose no physical threat to Plaintiff and his complaint does not allege that he is in danger of physical injury.  Thus, Plaintiff's in forma pauperis motion, ECF No. 8, should be denied and this case summarily dismissed without prejudice.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (explaining that "prisoner cannot simply pay the filing fee after being denied in forma pauperis status. He must pay the filing fee at the time he initiates the suit.")

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that Plaintiff's in forma pauperis motion, ECF No. 8, be **DENIED**, all other pending motions be **DENIED,** and this case be **DISMISSED** pursuant to 28 U.S.C. § 1915(g), and the Clerk of Court directed to note the basis for dismissal on the docket.

**IN CHAMBERS** at Tallahassee, Florida, on December 19, 2018.


 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.